NIEMEYER, Circuit Judge, dissenting:
 

 There is absolutely no evidence that Glenda Westmoreland was fired because of her age. The subject of age never came up during discussions relating to the termination of her employment. Rather, she was fired, according to her employer, because she altered critical work-related documents to her benefit. To prove the necessary animus for age discrimination, Westmoreland relies on a stray comment made to her by Dianne Carroway, who was the employee who announced to Westmoreland that she had been fired but who was not a decisionmaker and did not have any input into the decision to fire Westmoreland. The majority's statement that Carroway could be found to be a decisionmaker,
 
 ante
 
 at 728, is flatly unsupported by the record.
 

 In any event, the comment on which Westmoreland relies - "Oh, girl, you don't have nothing to worry about. You'll get another job. Just go home and take care of those grandbabies" - is a stray and ambiguous one that surely cannot demonstrate the necessary animus for age discrimination.
 
 See
 

 Mereish v. Walker
 
 ,
 
 359 F.3d 330
 
 , 336-37 (4th Cir. 2004) (holding that "general or ambiguous remarks referring to the process of generational change create no triable issue of age discrimination"). It is thus well established that comments that refer to making way for younger people do not create any inference of age bias.
 
 See
 

 Birkbeck v. Marvel Lighting Corp.
 
 ,
 
 30 F.3d 507
 
 , 511-12 (4th Cir. 1994) (holding that the statement that "there comes a time when we have to make way for younger people" is insufficient to create any "inference of age bias" because it is a stray remark which merely reflects a fact of life);
 
 EEOC v. Clay Printing Co.
 
 ,
 
 955 F.2d 936
 
 , 942-43 (4th Cir. 1992) (holding that references to the need to "attract newer, younger people" or "young blood" were insufficient evidence of age bias because they were isolated and merely reflected a truism of business life).
 

 Absent Carroway's comment, Westmoreland only proved that she was 60 years old and was replaced by someone 37 years old. If that is all that is required, virtually every person over 40 will have an age discrimination claim when fired for a reason that the jury considers unfair.
 

 And in this case, the district court did indeed make unfairness the issue for the jury to decide. During the entire course of trial, the court expressed its own view to the jury that termination of a 30-year employee for a single incident of falsifying documents was unfair. It accomplished this by directing questions to
 
 every witness
 
 testifying in support of the employer, noting that numerous sanctions were available for Westmoreland's conduct but that her employer gave her "the ultimate smash" of termination, which the court viewed as "overreach." For example, the court asked one witness: "And it is the decision of the company that this one event resulted in the termination of a 60-year-old 30-year employee; is that right? That's what you're saying." And it questioned another yet more pointedly: "Did you know there were a number of sanctions that could be done for this particular offense if you all chose to do it? That is suspension, demotion, and other certain things. Were there other things that could have been done?" And then, during its discussion with counsel regarding the instructions that it planned to give the jury - and did give to the jury - the court summarized its view of the case, stating:
 

 [The jury] can look - they can look and use their common sense and say, wow, 30 years. One swing and a miss and, oh, my Lord, we've got to get rid of this lady. We're going to make it so she'll never get another job. We're not going
 to let her retire. We're not going to demote her. We're not going to lay her off for a few days and punish her. We're not going to make it clear that we're not going to do this. We are going to fire her and make sure she's unemployable from now on. And that's really what happened.
 

 Finally, when instructing the jury, the court actually stated that unfairness was the issue for the jury to decide. As the court told the jury: "
 
 The issue for you to determine
 
 is whether the alleged backdating was a legitimate business reason for terminating plaintiff's employment." (Emphasis added).
 

 In short, while the evidence of age discrimination in the decision to fire Westmoreland was undoubtedly insufficient, the jury was asked to decide whether the decision to fire Westmoreland was fair.
 

 Congress would croak to learn that the Age Discrimination in Employment Act,
 
 29 U.S.C. § 621
 

 et seq
 
 ., would entitle an employee to recover in the circumstances of this case. I too croak, in harmony.